**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MD SAIFUL ALAM,

Petitioner,

v. No. 1:26-cv-02840-KG-SCY

WARDEN, *Cibola County Correctional Center; et al.*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner MD Saiful Alam's pro se Petition for a Writ of Habeas Corpus ("Petition"), Doc. 4, and the Government's Response, Doc. 9. For the reasons below, the Court denies the Petition.

***I. Background***

Petitioner, a native and citizen of Bangladesh, entered the United States on April 10, 2023, on a B-2 non-immigrant visa with authorization to remain in the United States until October 9, 2023. Doc. 9 at 1–2, 17. Shortly after entry, Petitioner filed an application for asylum and withholding of removal. *Id.* at 2. On November 17, 2025, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner for overstaying his visa. *Id.* at 2, 5. Since then, Petitioner has remained in immigration custody and is currently detained at the Cibola County Correctional Center in Milan, New Mexico. *Id.* at 1; Doc. 4 at 6. On December 16, 2025, an Immigration Judge ("IJ") denied bond, concluding that Petitioner did not meet his burden of demonstrating that he is not a flight risk. Doc. 9 at 7; Doc. 4 at 2.

On March 24, 2026, an IJ denied Petitioner's application for withholding of removal and ordered him removed to Bangladesh. Doc. 9 at 9–12. Petitioner appealed that decision to the

Board of Immigration Appeals ("BIA"). Doc. 9 at 2–3, 17. On June 9, 2026, Petitioner filed his first habeas petition challenging the adequacy of his bond hearing as well as the lawfulness of his ongoing detention. *See Alam v. De Anda-Ybarra*, No. 1:26-cv-01869-KG-KK, 2026 WL 1893496 (D.N.M. June 30, 2026). The Court determined that Petitioner's detention was governed by 8 U.S.C. § 1226(a), but "decline[d] to grant relief because Petitioner received a bond hearing." *Id.* at *1.

On August, 27, 2026, Petitioner's order of removal became administratively final after the BIA dismissed his immigration appeal. Doc. 9 at 2–3, 17. The same day, Petitioner filed a second habeas petition, which is now before the Court. *See* Doc. 4. Petitioner again argues his detention is governed by § 1226(a) and seeks immediate release, or, in the alternative, another individualized bond hearing. Doc. 4 at 6–7. The Government opposes the Petition. *See* Doc. 9.

## ***I. Standard of Review***

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available under 28 U.S.C. § 2241(c)(3) if a noncitizen's detention "violat[es] the Constitution or laws or treaties of the United States." *See Zadvydas*, 533 U.S. at 687.

The Immigration and Nationality Act ("INA") establishes two distinct detention regimes depending on whether a noncitizen is subject to a final order of removal. The detention of noncitizens who are "seeking admission" to the United States and are not subject to a final order of removal is governed by 8 U.S.C. § 1226. Under this statute, the detention of a noncitizen without a bond hearing constitutes a violation of their right to due process under the Fifth Amendment of the United States Constitution. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were

thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)"). However, once a noncitizen is subject to final order of removal, their detention is governed by 8 U.S.C. § 1231. A removal order becomes administratively final upon the earlier of the noncitizen's waiver of the right to appeal, or the expiration of the time to appeal if no appeal is filed. 8 C.F.R. § 1241.1(a)-(c). "[T]he Government ordinarily secures [a noncitizen]'s removal during" the 90 days after a removal order becomes administratively final. *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1). During the 90-day "removal period," the noncitizen is typically detained. *Zadvydas*, 533 U.S. at 682. After that, the Government may detain the noncitizen for as long as is "reasonably necessary" to secure their removal. *Id.*; 8 U.S.C. § 1231(a)(6).

Because a statute permitting indefinite detention of a noncitizen would raise Fifth Amendment due process concerns, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Zadvydas*, 533 U.S. at 690, 699. A six-month detention period is presumptively reasonable. *Id.* After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government "must . . . rebut that showing" or release the noncitizen. *Id.* at 701. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the reasonably foreseeable future . . . shrink[s]." *Id.* The remedy for a *Zadvydas* claim is generally release of the petitioner under conditions of supervision. *E.g.*, *Gomez v. Mattos*, 2025 WL 3101994, at *7 (D. Nev.); *Trejo v. Warden of ERO*, 2025 WL 2992187, at *10 (W.D. Tex.); *Douglas v. Baker*, 2025 WL 2997585, at *5 (D. Md.).

## *II. Analysis*

Applying these principles, the Court concludes that Petitioner's detention remains lawful under § 1231. Although Petitioner's detention was originally governed by § 1226 at the time he filed his first habeas petition, *see Alam*, 2026 WL 1893496 at *1, he is now subject to a final order of removal, which triggered the removal period and places him under § 1231. *See* 8 C.F.R. § 1003.4 (withdrawal of appeal reinstates the immigration judge's decision as final, as though no appeal had been taken); § 1241.1(b) (order becomes administratively final "upon waiver of appeal by the respondent"). Here, Petitioner's order of removal became administratively final on August 27, 2026. Doc. 9 at 2–3, 17. He has therefore only been detained under § 1231 for less than two months. Accordingly, Petitioner's post-removal detention falls within the six-month period that *Zadvydas* recognized as presumptively reasonable. 533 U.S. at 701.

## *III. Conclusion*

The Petition for a Writ of Habeas Corpus, Doc. 4, is denied without prejudice. Petitioner may file a new habeas petition if he remains detained beyond the six-month period.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales____________________
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.